# IN THE SUPREME COURT OF IOWA

No. 17–1727

Filed April 26, 2019

**STATE OF IOWA,**

Appellee,

vs.

**RONALD SKYLER STEENHOEK,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Boone County, Timothy J. Finn, Judge.

A defendant appeals the sentence imposed following his conviction for second-degree theft. **DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; SENTENCE VACATED IN PART AND CASE REMANDED.**

Mark C. Smith, State Appellate Defender (until withdrawal), and Brenda J. Gohr, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Katherine M. Krickbaum, Assistant Attorney General, and Daniel Kolacia, County Attorney, for appellee.

**PER CURIAM.**

Ronald Steenhoek appeals his sentence for theft in the second degree in violation of Iowa Code sections 714.1 and 714.2(2) (2017). Steenhoek argues the district court erred by assessing financial obligations to him without first making a determination of his reasonable ability to pay and abused its discretion when it sentenced him to five years' imprisonment.

We transferred the case to the court of appeals. The court of appeals affirmed Steenhoek's sentence. Crawford asked for further review, which we granted.

On further review, we choose to let the court of appeals decision stand as our final decision regarding the district court's decision sentencing him to five years' imprisonment. *See State v. Baker*, ___ N.W.2d ___, ___ (Iowa 2019) ("On further review, we have the discretion to review all or some of the issues raised on appeal or in the application for further review." (quoting *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012))). Therefore, we affirm that part of his sentence.

As to Steenhoek's argument that the district court erred in ordering him to pay restitution in the form of appellate attorney fees without first determining his reasonable ability to pay those fees, we find the restitution part of his sentence should be vacated. In *State v. Albright*, ___ N.W.2d ____ (Iowa 2019), filed after the court of appeals decision in this case, we set forth the procedure to follow when determining the restitution obligation of a defendant. There we held that certain items of restitution are subject to a reasonable-ability-to-pay determination. *Id.* at ___; *see also* Iowa Code § 910.2(1). We also clarified that a plan of restitution is not complete until the sentencing court issues the final restitution order. *Albright*, ___ N.W.2d at ___. Finally, we emphasized that a final restitution

order must take into account the offender's reasonable ability to pay certain items of restitution. *Id.*

Here, the district court did not have the benefit of the procedures outlined in *Albright* when it entered its order regarding restitution. Accordingly, we must vacate that part of the sentencing order regarding restitution and remand the case back to the district court to impose restitution consistent with our decision in *Albright.*

**DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; SENTENCE VACATED IN PART AND CASE REMANDED.**

All justices concur except McDonald, J., who takes no part.

This opinion shall not be published.